J-S04039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KYLE EDWARD MAYER | : | |
| | : | |
| Appellant | : | No. 1093 MDA 2018 |

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005425-2015

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 05, 2019**

Appellant, Kyle Edward Mayer, appeals *pro se* from the June 5, 2018, order entered in the Court of Common Pleas of Dauphin County denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9451-9546, without an evidentiary hearing.  Finding Appellant's claims to be waived, we affirm.

On October 28, 2016, Appellant, who was represented by counsel, entered a guilty plea to numerous crimes, including burglary and robbery.  On that same date, the trial court sentenced Appellant to an aggregate of five years to ten years in prison to be followed by two and one-half years of probation.  Appellant filed neither post-sentence motions nor a direct appeal.

On November 2, 2017, Appellant filed a timely, *pro se* PCRA petition, and new counsel was appointed to assist Appellant.  On April 23, 2018, PCRA

_____

* Former Justice specially assigned to the Superior Court.

counsel filed a petition seeking to withdraw, as well as a **Turner/Finley**[1] "no-merit" letter. On May 3, 2018, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice of its intent to dismiss without an evidentiary hearing. On June 5, 2018, the PCRA court denied Appellant relief under the PCRA, and this timely, *pro se* appeal followed.

On July 12, 2018, the lower court entered an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Therein, the lower court directed Appellant to file of record and serve upon the trial court, in person or by mail, a concise statement of errors complained of on appeal within twenty-one days of the order. The lower court specifically warned Appellant that he risked waiver of all issues if he failed to comply with the order. Accordingly, the lower court's order fully complied with the mandates of Pa.R.A.P. 1925(b)(3).

Further, the record reveals that the Clerk of Courts mailed the lower court's Pa.R.A.P. 1925(b) order to Appellant on July 12, 2018, at the same prison address Appellant provided in connection with this appeal. Thereafter, Appellant failed to file a Pa.R.A.P. 1925(b) statement. On September 17, 2018, the lower court filed an opinion suggesting that Appellant waived all appellate issues by failing to comply with the court's July 12, 2018, Pa.R.A.P. 1925(b) order.

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On appeal, Appellant sets forth the following issues in the "Statement of Questions Involved" portion of his appellate brief (verbatim):

1. Ineffective Assistance of Counsel. Defendant forced into Plea.
2. Ineffective Assistance of Counsel, Failure to call witnesses to cast doubt on Prosecution key witness.
3. Ineffective Assistance of Counsel, Failure to Suppress Discovery evidence.

Appellant's Brief at 4 (suggested answers and bold omitted).

Initially, we must determine whether Appellant has preserved his issues for review. It is well-settled that a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded a party represented by counsel; however, *pro se* status does not entitle a litigant to any particular advantage due to the lack of legal training and the *pro se* litigant must comply with the Pennsylvania Rules of Appellate Procedure. ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005). "[I]n order to preserve [] claims for appellate review, [an] appellant must comply whenever the trial court orders [the appellant] to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775, 780 (2005) (quotation marks and quotation omitted). ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Accordingly, in the case *sub judice*, since Appellant failed to file a Pa.R.A.P. 1925(b) concise statement in response to the lower court's order requiring him to do so, Appellant has waived his issues on appeal.[2]

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019

---

[2] Additionally, we note Appellant's brief is deficient and he has failed to develop his appellate issues, thus preventing meaningful review. **See** Pa.R.A.P. 2119.